**Electronically Filed
Intermediate Court of Appeals
30593
17-NOV-2010
08:10 AM**

NO. 30593

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


In the Matter of the Trust of
MARY DICKSON ANDERSON dated October 10, 1990


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(TRUST NO. 08-1-0110)


ORDER DISMISSING APPEAL
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of the record, it appears that we do not have jurisdiction over the appeal that Petitioners-Appellants Theodore Samuel Anderson and Mark Dickson Anderson have asserted from the following June 7, 2010 orders that the probate court[1] issued in trust proceeding T. No. 08-1-0110:

(1)  the June 7, 2010 "Order Denying Petition to Remove Trustee";

(2)  the June 7, 2010 "Order Denying Petitioners Theodore Samuel Anderson and Mark Dickson Anderson's Petition for Order for Repayment of Trustee's Fees"; and

(3)  the June 7, 2010 "Supplemental Order Granting in Part and Continuing in Part Trustee Thomas Paul Schicklin Anderson's Petition for Approval of First Interim Accounts from November 14, 2007 Through September 30, 2008";

---

[1]  The Honorable Derrick H.M. Chan presided.

As explained below, the June 7, 2010 orders are not independently appealable pursuant to Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2009) and Rule 34 of the Hawai'i Probate Rules (HPR).

HRS § 641-1(a) authorizes appeals from a probate court's final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of the court." HRS § 641-1(c). The Supreme Court of Hawai'i has promulgated HPR Rule 34, which generally requires the entry of a judgment for an appeal:

> RULE 34. ENTRY OF JUDGMENT, INTERLOCUTORY ORDERS, APPEALS
>
> (a) Entry of Judgment. _All_ formal testacy orders, orders of intestacy and determination of heirs, orders establishing conservatorship and/or guardianship, and orders establishing protective arrangements _shall be reduced to judgment_ and the judgment shall be filed with the clerk of the court. Such judgments shall be final and immediately appealable as provided by statute. _Any other order that fully addresses all claims raised in a petition to which it relates, but that does not finally end the proceeding, may be certified for appeal in the manner provided by Rule 54(b) of the Hawai'i Rules of Civil Procedure_.
>
> (b) Interlocutory Orders. In order to appeal from _any other order_ prior to the conclusion of the proceeding, the order _must be certified for appeal in accordance with Section 641-1(b)_ of the Hawai'i Revised Statutes.
>
> (c) Final Judgment Closing Proceeding. At the conclusion of the proceeding, _a final judgment closing the proceeding shall be entered_ and filed with the clerk of the court, at which time all prior uncertified interlocutory orders shall become immediately appealable.
>
> (d) Appeals. _Final judgments as to all claims and parties, certified judgments, certified orders, and other orders appealable as provided by law may be appealed_ pursuant to the Hawai'i Rules of Appellate Procedure applicable to civil actions.

HPR Rule 34 (emphases added). "Rule 34 is written to conform probate practice to the policy against piecemeal appeals, _see, e.g., Jenkins v. Cades Schutte Fleming & Wright_, 76 Haw. 115, 869 P.2d 1334, 1994 Haw. LEXIS 19 (1994), to bring certainty to the

timing of when and how an appeal can be taken, and to comply with the provisions of HRS § 641-1." Commentary to HPR Rule 34. Under the holding in Jenkins, "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994). "[A]n appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Id. Therefore, under HRS § 641-1 and HPR Rule 34, a probate court order is eligible for appellate review only if the probate court either

(a) reduces the order to a separate judgment pursuant to HPR Rule 34(a),

(b) certifies the order for appeal in the manner provided by Rule 54(b) of the Hawaiʻi Rules of Civil Procedure (HRCP) pursuant to HPR Rule 34(a), or

(c) certifies the order for appeal in accordance with HRS § 641-1(b) pursuant to HPR Rule 34(b).

The probate court has not reduced the three June 7, 2010 orders to a separate judgment. The probate court has not certified the June 7, 2010 orders in the manner provided by HRCP Rule 54(b). The probate court has not certified the three June 7, 2010 orders for an interlocutory appeal in accordance with HRS § 641-1(b). Therefore, the June 7, 2010 orders are not eligible for appellate review pursuant to HRS § 641-1(a) and HPR Rule 34.

Although common law exceptions to the final judgment requirement exist under Forgay v. Conrad, 47 U.S. 201 (1848) (the

-3-

Forgay doctrine) and the collateral order doctrine, the June 7, 2010 orders do not satisfy all of the requirements for appealability under the Forgay doctrine or the collateral order doctrine. See Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the Forgay doctrine); Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for appealability under the collateral order doctrine).

Absent an appealable judgment or an appealable order that satisfies the requirements for an appeal under HRS § 641-1 and HPR Rule 34, this appeal is premature and we lack appellate jurisdiction. Therefore,

IT IS HEREBY ORDERED that this appeal is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, November 17, 2010.

Presiding Judge

Associate Judge

Associate Judge